

June 8, 2017

**VIA CM/ECF & HAND DELIVERY**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Daniel M. Silver
Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801-3717
T. 302.984.6300
F. 302.984.6399
www.mccarter.com

BOSTON

HARTFORD

STAMFORD

NEW YORK

NEWARK

EAST BRUNSWICK

PHILADELPHIA

WILMINGTON

WASHINGTON, DC

Re:   ***AstraZeneca LP, et al. v. Sigmapharm Laboratories, LLC., et al.***,
      **C.A. No. 15-01000-RGA, CONSOLIDATED (D. Del.)**

Dear Judge Andrews:

Pursuant to the June 2, 2017, teleconference between the Court and Delaware counsel for the majority of the parties, the parties jointly submit this letter to the Court regarding a request to amend the Scheduling Order (D.I. 25) in this consolidated ANDA case.

As needed from time to time in the course of this complex, multi-party litigation, the parties have worked together to extend pleading and discovery deadlines cooperatively.  It has become clear, however, over the course of the last several weeks that a more substantial and comprehensive extension of the remaining deadlines in the Scheduling Order is necessary and appropriate to allow all parties the opportunity to complete discovery and develop their cases.  Several Defendants have also recently changed lead counsel, and those counsel require time to become acclimated with the case and the materials produced in discovery.

The parties therefore jointly respectfully request that all pending Scheduling Order deadlines except for the pre-trial conference and the trial be extended six weeks, and request that the pre-trial conference and the trial be rescheduled from March and April of 2018 to July and/or August of 2018 subject to the Court's convenience and availability.  The extensions for trial are slightly longer than the discovery extensions due to the availability of counsel for the parties.  A draft stipulation and proposed order specifying the amendments to the Scheduling Order are attached to this letter as Exhibit A.

Like any large case, the still-ongoing discovery process has been vigorous and complex.  With eight party "groups" still in the case, more than thirty depositions have been scheduled in the case, and as of the date of this letter, only eleven have been completed.  The vast majority of the witnesses for all parties reside overseas, and travel and visa arrangements for those witnesses have taken time to resolve.  The parties have produced a total of nearly 3.2 million pages of documents, and productions still continue on a rolling basis in response to discovery requests and related correspondence.  The parties are also still completing privilege logs, with thousands of documents among the parties needing to be logged.

The Honorable Richard G Andrews
Page 2
June 8, 2017

Much as the parties determined that a two-month extension of the deadline for substantial completion of document production was appropriate, the parties now request that the existing deadlines for fact and expert discovery also be extended by six weeks to accommodate completion only of written and testimonial discovery that has already been served or scheduled. The parties do not foresee exchanging any new written discovery requests or scheduling any new depositions that are not already contemplated.

The parties are aware of the requirement of Fed. R. Civ. P. 16(b)(4), which mandates that "[a] schedule may be modified for good cause and with the judge's consent." As this Court has recognized, good cause is found when, "despite diligence … the deadline in the scheduling order cannot reasonably be met." *Sonos, Inc. v. D&M Holdings Inc.*, No. 14-1330-RGA, 2017 WL 476279, at *1 (D. Del. Feb. 3, 2017). That standard is met here. The parties require the six weeks of additional time in fact discovery to complete the nearly twenty remaining depositions, and a corresponding extension of expert discovery deadlines as a result. Indeed, the discovery procured during the six extra weeks may permit issues for trial to be narrowed and expert discovery to also be attenuated. Moving the trial date is necessary as a result of these other deadline shifts; otherwise the parties would be unable to complete the expert phase of the case and prepare the joint pretrial order before the beginning of trial. The parties note that the regulatory stay for this litigation does not expire until January 21, 2019, so the shift in trial date should not prejudice any party or pose a hardship on the Court.

It is well-established that "district courts have broad discretion to manage their dockets to ensure judicial efficiency while simultaneously insuring justice for the parties." *Bayer Pharma AG v. Macleods Pharms., Ltd.*, Nos. 15-464-GMS, 15-832-GMS, 2016 WL 1450771, at *2 (D. Del. Apr. 12, 2016). The parties respectfully request that the Court exercise that broad discretion in this case to extend all discovery-related deadlines by six weeks, and to move the pretrial conference and trial dates approximately four months to July/August of 2018.

Respectfully submitted,

/s/ Daniel M. Silver

Daniel M. Silver (#4758)

Enclosures

cc:     All Counsel of Record (via CM/ECF)